HOME SAVINGS BANK OF THE CITY OF ALBANY, Landlord, *v.* WILLIAM BOOCHEVER, Tenant.

County Court, Albany County, September 4, 1952.

*Herzog, Nichols & Leahy* for landlord.

*Hinman, Straub & Manning* for tenant.

SCHENCK, J. This is a summary proceeding submitted to this court under a stipulation covering facts which are uncontroverted. The tenant had rented from the landlord Room 1011 in the Home Savings Bank building, Albany, New York, for a number of years for $62.90 per month. This lease terminated on June 30, 1951. On February 1, 1951, when Room 1012, adjacent to and connecting with Room 1011, became vacant, the tenant rented from the landlord this room (in addition to 1011) under an oral lease at the rate of $68.10 per month. Upon termination of the original lease for Room 1011, the parties entered upon a written lease covering both Rooms 1011 and 1012 for one year at $131 per month. Upon the termination of the latter lease the landlord increased the rent for the space occupied by the tenant (that is to say Rooms 1011 and 1012) to a monthly rental of $157.20. The tenant refuses to pay this rent on the ground that it is in excess of the " emergency rent " maximum permitted by law.

Under the Albany Business Rent Control Law (L. 1948, ch. 679, as amd. and extended by L. 1952, ch. 287), a tenant of business property can not be subjected to increased rental where the rent is less than $100 per month. The tenant, accordingly, contends that he actually rents two separate units, each being at a rental of less than $100 per month, and that he is, therefore, protected under the pertinent provisions of the aforesaid rent control law. The landlord maintains that the tenant actually rents space comprising a unit of two rooms in the form of a suite, the total rental for which exceeds $100 per month, thereby exempting the property from the pertinent provisions of the rent control law.

There do not appear to be any court decisions in point. However, an examination of the history of the Albany rent law and other municipal as well as Federal legislation involving rental of business property indicates that the purpose of the law, as it now stands, is to protect the small tenant who can not afford to pay more than $100 per month for business property. In the case at hand, the tenant has paid and is willing to pay a total of $131 for two connecting rooms. Furthermore, the tenant entered a lease covering these two rooms as a unit. I, therefore, am constrained to hold that the protection of the

Albany Business Rent Control Law does not apply to this tenant, and that the landlord was within legal propriety in increasing the rent of the two-room unit from $131 to $157.20 per month.

The tenant has argued among other things that the emergency rent law should be applied to each separate unit and argues that if the two offices were in different buildings, it would be manifestly absurd to regard them as a single unit. I do not pass upon such a hypothetical point. It is merely the determination of this court that, under the facts involved herein, in which the two rooms were joined together and used as a single suite, they must be considered as combined to form one single unit for the purposes of the Albany Business Rent Control Law. Judgment may therefore be entered granting a final order to the landlord evicting the tenant unless the rent for the month of July in the amount of $157.20 is paid.